**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BANK OF NEW YORK MELLON,

    Plaintiff,

vs.

RAVENSTAR INVESTMENTS, LLC et al.,

    Defendants.

3:17-cv-00116-RCJ-VPC

**ORDER**

This case arises from a residential foreclosure by the Highland Ranch Homeowners Association ("the HOA") for failure to pay HOA fees. Pending before the Court is a Motion to Dismiss, (ECF No. 10), and an offensive Motion for Partial Summary Judgment, (ECF No. 17). For the reasons given herein, the Court grants the Motion for Summary Judgment and denies the Motion to Dismiss as moot.

### I. FACTS AND PROCEDURAL BACKGROUND

In June 2006, a non-party homeowner obtained a $176,400 mortgage loan to purchase property located at 6438 Serrano Court, Sun Valley, Nevada 89433 (the "Property"). (Compl. ¶¶ 9, 15, ECF No. 1.) Plaintiff Bank of New York Mellon ("Plaintiff") acquired the note and Deed of Trust ("DOT") by an Assignment recorded November 4, 2011. (*Id.* at ¶ 16.)

On November 14, 2011, as a result of the homeowner's failure to pay HOA fees, the HOA recorded a notice of delinquent assessment. (*Id.* at ¶ 17.) A notice of default and election

was then recorded on October 9, 2012, and a notice of foreclosure sale was recorded on March 19, 2013. (*Id.* at ¶¶ 18–19.) An HOA foreclosure sale took place on April 25, 2013, at which time the HOA purchased the Property for $600. (Foreclosure Deed, ECF No. 17-1 at 26–27.) The deed of sale was recorded on May 3, 2013. (*Id.*) Finally, the HOA transferred its interest in the Property to Defendant Ravenstar Investments, LLC ("Ravenstar") by way of quitclaim deed recorded January 15, 2014. (Quitclaim Deed, ECF No. 10-5.)

On February 22, 2017, Plaintiff brought this action for quiet title and declaratory relief, violation of NRS 116.1113, wrongful foreclosure, injunctive relief, and deceptive trade practices. On March 20, 2017, Ravenstar counterclaimed for unjust enrichment and equitable mortgage, in the event it was determined that Ravenstar did not acquire its interest free and clear of Plaintiff's DOT. (Answer and Countercl., ECF No. 8.) The HOA now moves to dismiss Plaintiff's claims for violation of NRS 116.1113, wrongful foreclosure, and deceptive trade practices. (Mot. Dismiss, ECF No. 10.) Plaintiff also moves for partial summary judgment based on the Ninth Circuit's opinion in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), which established that the "opt-in notice scheme" of NRS 116.3116[1] is facially unconstitutional because it violates the procedural due process rights of mortgage lenders.

## II. LEGAL STANDARDS

### a. Dismissal for Failure to State a Claim

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

---

1 Unless otherwise noted, all references to "NRS 116.3116" are inclusive of NRS 116.3116 through 116.31168. Also, the Nevada Legislature amended the statute in October 2015. Accordingly, unless otherwise noted, all references to the statute are to the pre-amendment version.

(1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable cause of action (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the cause of action he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

*& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### b. Summary Judgment

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court uses a burden-shifting scheme. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or

defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.

If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50. Notably, facts are only viewed in the light most favorable to the nonmoving party where there is

a genuine dispute about those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). That is, even where the underlying claim contains a reasonableness test, where a party's evidence is so clearly contradicted by the record as a whole that no reasonable jury could believe it, "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

## III. ANALYSIS

### a. The Scope and Effect of *Bourne Valley*

In *Bourne Valley*, the Ninth Circuit held that the "opt-in notice scheme" of NRS 116.3116—included in the statute until its amendment in October 2015—was facially unconstitutional because it violated the procedural due process rights of mortgage lenders. In its ruling, the Court of Appeals found the state action requirement of the petitioner's Fourteenth Amendment challenge was met, because "where the mortgage lender and the homeowners' association had no preexisting relationship, the Nevada Legislature's enactment of the Statute is a 'state action.'" *Bourne Valley*, 832 F.3d at 1160. In other words, because a mortgage lender and HOA generally have no contractual relationship, it is only by virtue of NRS 116.3116 that the mortgage lender's interest is "degraded" by the HOA's right to foreclose its lien. *Id.* Accordingly, by enacting the statute, the Legislature acted to adversely affect the property interests of mortgage lenders, and was thus required to provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1159 (quoting *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 795 (1983)). The statute's opt-in notice provisions therefore violated the Fourteenth Amendment's Due Process Clause because they impermissibly "shifted the burden of ensuring adequate notice from the foreclosing homeowners' association to a mortgage lender." *Id.* at 1159.

///

The necessary implication of the Ninth Circuit's opinion in *Bourne Valley* is that the petitioner succeeded in showing that no set of circumstances exists under which the opt-in notice provisions of NRS 116.3116 would pass constitutional muster. *See United States v. Salerno*, 481 U.S. 739, 745 (1987) ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."); *see also William Jefferson & Co. v. Bd. of Assessment & Appeals No. 3 ex rel. Orange Cty.*, 695 F.3d 960, 963 (9th Cir. 2012) (applying *Salerno* to facial procedural due process challenge under the Fourteenth Amendment); *Lopez-Valenzuela v. Arpaio*, 770 F.3d 772, 789 (9th Cir. 2014) (applying *Salerno* to facial substantive due process challenge under the Fifth and Fourteenth Amendments). The fact that a statute "might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid." *Id.* To put it slightly differently, if there were any conceivable set of circumstances where the application of a statute would not violate the constitution, then a facial challenge to the statute would necessarily fail. *See William Jefferson & Co.*, 695 F.3d at 963 ("If William Jefferson's as-applied challenge fails, then William Jefferson's facial challenge necessarily fails as well because there is at least one set of circumstances where application of § 31000.7 does not violate a taxpayer's procedural due process rights."); *United States v. Inzunza*, 638 F.3d 1006, 1019 (9th Cir. 2011) (holding that a facial challenge to a statute necessarily fails if an as-applied challenge has failed because the plaintiff must "establish that no set of circumstances exists under which the [statute] would be valid").

Here, the Ninth Circuit expressly invalidated the "opt-in notice scheme" of NRS 116.3116, which it pinpointed in NRS 116.31163(2). *Bourne Valley*, 832 F.3d at 1158; *see also Bank of Am., N.A. v. SFR Investments Pool 1 LLC*, No. 2:15-cv-691, 2017 WL 1043286, at *9 (D. Nev. Mar. 17, 2017) (Mahan, J.) ("The facially unconstitutional provision, as identified in

*Bourne Valley*, is present in NRS 116.31163(2)."). In addition, this Court understands *Bourne Valley* also to invalidate NRS 116.311635(1)(b)(2), which also provides for opt-in notice to interested third parties. According to the Ninth Circuit, therefore, these provisions are unconstitutional in each and every application; no conceivable set of circumstances exists under which the provisions would be valid. The factual particularities surrounding the foreclosure notices in this case—which would be of paramount importance in an as-applied challenge—cannot save the facially unconstitutional statutory provisions. In fact, it bears noting that in *Bourne Valley*, the Ninth Circuit indicated that the petitioner had not shown that it did not receive notice of the impending foreclosure sale. Thus, the Ninth Circuit declared the statute's provisions facially unconstitutional notwithstanding the possibility that the petitioner may have had actual notice of the sale.

Accordingly, the HOA foreclosed under a facially unconstitutional notice scheme, and thus the HOA foreclosure cannot have extinguished the DOT. Therefore, the Court must quiet title as a matter of law in favor of Plaintiff as assignee of the DOT. (Assignment, ECF No. 17-1 at 21.)

### b. Plaintiff's Remaining Claims for Violation of NRS 116.1113, Wrongful Foreclosure, Injunctive Relief, and Deceptive Trade Practices

As Plaintiff acknowledged in its motion brief, the Court's grant of summary judgment with respect to the quiet title claim moots all remaining claims in the Complaint. (Mot. Summ. J. 5, ECF No. 17.) *See also Bank of N.Y. Mellon v. Highland Ranch Homeowners Ass'n*, No. 3:16-cv-00436, 2016 WL 7116010, at *3 (D. Nev. Dec. 6, 2016) (Jones, J.).

Although this order is dispositive of all of Plaintiff's claims, this case remains open pending determination of Ravenstar's counterclaims.

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 17) is GRANTED. Ravenstar obtained its interest in the Property subject to Plaintiff's first deed of trust.

IT IS FURTHER ORDERED that Plaintiff's second through fifth causes of action are DISMISSED AS MOOT.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 10) is DENIED AS MOOT.

IT IS SO ORDERED. June 14, 2017

_____
ROBERT C. JONES
United States District Judge