UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BANK OF NEW YORK MELLON,

        Plaintiff,

vs.

RAVENSTAR INVESTMENTS, LLC et al.,

        Defendants.

3:17-cv-00116-RCJ-VPC

**ORDER**

This case arises from a residential foreclosure by the Highland Ranch Homeowners Association ("the HOA") for failure to pay HOA fees. On June 14, 2017, the Court granted partial summary judgment for Plaintiff Bank of New York Mellon based on *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2296 (2017). The Court held that the HOA's sale of the subject property did not extinguish Plaintiff's first deed of trust. (*See* Order, ECF No. 33.) Following summary judgment on the claim of quiet title, the case remained open pending determination of Ravenstar Investment's counterclaims for unjust enrichment and equitable mortgage, which issues have not yet been briefed to the Court.

On June 18, 2017, Ravenstar filed for Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the District of Nevada. (Notice, ECF No. 35.) Thereafter, on August 10, Ravenstar's counsel James Walsh filed the instant motion to withdraw because his client has failed to pay past-due fees and costs in the amount of $3,574.10. (Mot. Withdraw, ECF No. 34.)

After appearing in a case in the District of Nevada, an attorney may only withdraw by leave of the court, and may only obtain such leave after having notified the affected client and opposing counsel of his intent to withdraw. D. Nev. Local R. IA 11-6(b). In general, a withdrawal will not be approved, absent a showing of good cause, if it will result in a delay of discovery, the trial, or any hearing in the case. *Id.* at (e). Under Nevada Rule of Professional Conduct 1.16(b)(5), "a lawyer may withdraw from representing a client if . . . [t]he client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Courts have widely held that a client's failure to pay attorneys' fees will serve as adequate grounds for withdrawal, provided the withdrawal does not unduly delay proceedings or prejudice the client. *See, e.g.*, *Local Ad Link, Inc. v. Adzzoo, LLC*, No. 2:09-cv-01564, 2012 WL 1344896, at *2 (D. Nev. Apr. 18, 2012) (Ferenbach, M.J.); *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992).

Here, Mr. Walsh has satisfied Local Rule IA 11-6(b) by submitting a certificate of service demonstrating his motion to withdraw was served on his client and all counsel of record in August 2017. (ECF No. 34 at 4.) There is also no obstacle to withdrawal under subparagraph (e), as there are no pending motions in this action, no trial date set, and Ravenstar has apparently taken no steps to prosecute its counterclaims in at least nine months. Furthermore, neither Ravenstar nor any other party has opposed the motion to withdraw. Under Local Rule 7-2, this constitutes a consent to granting the motion. Therefore, Mr. Walsh has identified permissible grounds on which to withdraw, and the Court finds no impediment to granting his request.

/ / /

/ / /

/ / /

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Withdraw as Attorney (ECF No. 34) is GRANTED.

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge
March 29, 2018