# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Bank Of New York Mellon,

              Plaintiff,

vs.

Ravenstar Investments, LLC, et al.

              Defendants.

Case No. 3:17-cv-00116-RCJ-WGC

**ORDER**

This Court previously granted partial dismissal and summary judgment in this case, leaving only two counterclaims. Defendant Ravenstar Investments, LLC (Ravenstar) counterclaims for unjust enrichment and equitable mortgage. The Court finds these claims are unsupported by the evidence and grants summary judgment in favor of Plaintiff and closes the case.[1]

///

///

///

///

---

[1] Plaintiff also moves to certify a partial final judgment. (ECF No. 48.) As the Court enters final judgment for the entire case, the Court denies this motion as moot.

**FACTUAL BACKGROUND**

In June 2006, a non-party homeowner obtained a $176,400 mortgage loan to purchase property located at 6438 Serrano Court, Sun Valley, Nevada 89433 (the Property). (ECF No. 1 at ¶¶ 9, 15.) Plaintiff acquired the note and Deed of Trust (DOT) by an Assignment recorded November 4, 2011. (*Id.* at ¶ 16.)

On November 14, 2011, as a result of the homeowner's failure to pay HOA fees, the HOA recorded a notice of delinquent assessment. (*Id.* at ¶ 17.) A notice of default and election was then recorded on October 9, 2012, and a notice of foreclosure sale was recorded on March 19, 2013. (*Id.* at ¶¶ 18–19.) An HOA foreclosure sale took place on April 25, 2013, at which time the HOA purchased the Property for $600. (ECF No. 17-1 at 26–27.) The deed of sale was recorded on May 3, 2013. (*Id.*) Finally, the HOA transferred its interest in the Property to Ravenstar by way of quitclaim deed recorded January 15, 2014. (ECF No. 10-5.) Ravenstar paid $22,000 for the Property. (ECF No. 56 Ex. H.) According to its monthly operating reports that it filed in bankruptcy court, Ravenstar was earning $950 in monthly rent in 2017, which increased to $1,050 sometime in 2017, and increased in 2018 to $1500 per month through 2019. (ECF No. 56 Ex. I)[2]

On February 22, 2017, Plaintiff brought this action for quiet title and declaratory relief, violation of NRS 116.1113, wrongful foreclosure, injunctive relief, and deceptive trade practices. On March 20, 2017, Ravenstar counterclaimed for unjust enrichment and equitable mortgage, in the event it was determined that Ravenstar did not acquire its interest free and clear of Plaintiff's DOT. (ECF No. 8.) On June 14, 2017, the Court granted summary judgment in favor of Plaintiff's

---

[2] The Court takes judicial notice of the publicly recorded instruments under Fed. R. Evid. 201, *see Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 & n.1 (9th Cir. 2004), and the bankruptcy court record, *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

claim for quiet title and dismissed the remaining claims as moot. After a stay due to Ravenstar's

bankruptcy, (*see* ECF Nos. 35, 39), the Court now considers the remaining counterclaims.

## LEGAL STANDARD

A court should grant summary judgment where "the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). A factual dispute is genuine when "the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986). Only facts that affect the outcome are material. *Id.*

To determine whether summary judgment is appropriate, a court uses a burden-shifting

analysis. On the one hand, if the party seeking summary judgment would bear the burden of proof

at trial, that burden may be satisfied by presenting evidence that proves every element of the claim

such that no reasonable juror could find otherwise assuming the evidence went uncontroverted. *Id.*

at 252. On the other hand, when the party seeking summary judgment would not bear the burden

of proof at trial, it need only demonstrate that the other party failed to establish an essential element

of the claim or present evidence that negates such an element. *See Celotex Corp. v. Catrett*, 477

U.S. 317, 330 (1986) (Brennan J., concurring). A court should deny summary judgment if either

the moving party fails to meet its initial burden or, if after it meets that burden, the other party

establishes a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 586–87 (1986).

## ANALYSIS

### A.    *Unjust Enrichment*

For its unjust enrichment claim, Ravenstar contends that it is entitled to reimbursement for

funds and resources associated with the acquisition and maintenance of the property. This claim is

flawed. "Unjust enrichment is the unjust retention of a benefit to the loss of another, or the retention

of money or property of another against the fundamental principles of justice or equity and good conscience." *Topaz Mutual Co. v. Marsh*, 839 P.2d 606, 613 (Nev. 1992). Ravenstar has not shown that it has incurred a loss or that failing to compensate Ravenstar for its maintenance of the property would be unjust.

Ravenstar has not demonstrated that it satisfies the paradigmatic case of unjust enrichment where a plaintiff confers a benefit to another at its own loss. *See* Restatement (Third) of Restitution and Unjust Enrichment § 1 cmt. a (Am. Law Inst. 2011). First, Ravenstar's costs incurred with purchasing the property did not confer any benefit to Plaintiff. Ownership of the Property did not affect Plaintiff's security interest in it. These costs therefore are not relevant. Second, there is no evidence in the record to suggest a figure with any accuracy of the costs that Ravenstar actually expended to maintain the Property. Indeed, Ravenstar does not attach any exhibits with its briefs except for one showing the cost of the acquisition of the Property. (ECF No. 59 Ex. 1.) Third, the record shows that Ravenstar has acquired tens of thousands of dollars since 2017 in rental income from the Property. (*See* ECF No. 56 Ex. I.)

Furthermore, Ravenstar has not shown that any benefit that it may have conferred to Plaintiff would be unjust for Plaintiff to retain. Plaintiff has not done anything wrongful in this case such that it would be proper to disgorge resulting profits. *See* Restatement (Third) of Restitution and Unjust Enrichment § 3. As Ravenstar cannot show that retention of a benefit would be wrongful or that it incurred a loss, this claim fails.

**B.    *Equitable Mortgage***

Ravenstar's counterclaim for an equitable mortgage also fails. "An 'equitable mortgage' is a lien upon property to secure payment of money that lacks the essential features of a legal mortgage, either because it grows out of a transaction between the parties without any deed or express contract to give a lien or because the instrument used for that purpose is lacking some of

the characteristics of a common law mortgage." 59 C.J.S. *Mortgages* § 32 (2020). Here, however, there is no agreement between Plaintiff and Ravenstar. This claim therefore is legally deficient. *See Las Vegas Dev. Grp., LLC v. Yfantis*, 173 F. Supp. 3d 1046, 1059 (D. Nev. 2016) (dismissing a claim under similar circumstances).

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (ECF No. 56) is GRANTED.

IT IS FURTHER ORDERED that Defendant Ravenstar Investments, LLC's Motion for Summary Judgment (ECF No. 57) is DENIED.

IT IS FURTHER ORDERED the clerk shall close the case.

IT IS SO ORDERED.

Dated September 17, 2020.

_____
ROBERT C. JONES
United States District Judge